WHITLEY *v.* COMMISSIONER OF UNMPLOYMENT COMPENSATION.

(*Nashville*, December Term, 1943.)

Opinion filed July 1, 1944.

O. V. Myers and R. C. Boyce, both of Nashville, for complainant-appellant.

A. G. Ewing, Sr., and W. L. Moore, both of Nashville, for defendant-appellee.

Mr. Chief Justice Green delivered the opinion of the Court.

This is an appeal from a decree of the chancellor affirming an order or judgment of the Board of Review denying unemployment compensation to the complainant herein. From the chancellor's decree the complainant has appealed directly to this Court as authorized by Section 6(i) of the Unemployment Compensation Law, Chapter 1 of the Extra Session of 1936.

Whitley was employed by the L. B. Price Mercantile Company at Nashville. He was discharged on January 2, 1939, without cause according to him, and remained unemployed for about six months.

Shortly after he was discharged he applied for unemployment compensation benefit. A deputy designated by the Commissioner investigated the claim and recommended that it be allowed with a certain deduction. There was an appeal from the deputy's ruling to an appeal tribunal, but before a hearing by that body the Board of Review took jurisdiction of the appeal as it was entitled to do under the statute.

There was a hearing before the Board of Review and in March, 1939, Whitley's claim was disallowed and his petition dismissed. The decision of the Board of Re-

view was based on the theory that Whitley was an independent contractor and not an employee of the Price Mercantile Company. The record indicates this ruling of the Board of Review followed certain rulings of the Federal authorities administering unemployment compensation.

Later, according to the record, the Federal authorities reversed their earlier ruling and in a case involving this particular employer held that persons it hired on terms similar to that under which Whitley worked were employees and not independent contractors. It seems that this Price Mercantile Company has stores in a number of other cities and the last ruling of the Federal authorities was made with reference to men working for the Company at Saint Louis.

After this final ruling of the Federal authorities, the Price Mercantile Company paid in Tennessee the tax or assessment provided by the unemployment compensation statute for the years covering the time that Whitley worked for it. This payment appears to have been made in the fall of 1941.

In April, 1942, Whitley filed a petition with the Board of Review asking that his case be reopened, calling attention to the later ruling of the Federal authorities which he said had just come to his notice. The petition also pointed out that the Price Company had paid the unemployment compensation tax or assessments for the years covered by his service and that he was figured as an employee in estimating this tax.

As heretofore stated, the Board of Review first decided the case in March, 1939, and this petition to reopen the matter was filed in April, 1942, more than three years after the original decision.

508

The Board dismissed the petition to reopen, saying that the petition was one in the nature of a bill of review in the chancery court. It was said that under section 8981 of the Code no bill of review could be filed in chancery after three years and that if there was such a limitation on a regular court a similar limitation should apply to a court of special and limited jurisdiction such as they constituted.

██ ██ This conclusion is sharply attacked on this appeal. But we are unable to say that this ruling of the Board of Review as to its procedure is unreasonable. The Board has authority under the statute to make reasonable rules for the disposition of its business and a three-year limitation on the right to reopen a matter adjudicated seems to us entirely consistent with order and justice.

We find no error in the decree of the chancellor and it will be affirmed.